UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONLYNN S. MONTGOMERY,

Plaintiff,

v.

JOLEEN REUTLINGER, et al.,

Defendants.

No. 2:26-cv-2322 TLN CSK P

ORDER

Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II. THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

III. PLAINTIFF'S COMPLAINT

Plaintiff generally cites violations of his Eighth and Fourteenth Amendment rights, the "Military and Veterans Code," the Americans with Disabilities Act ("ADA"), and "business and professional code." (ECF No. 1 at 3.) He marks "property," "threat to safety," "retaliation," and "financial abuse and loss." (Id.) As defendants, plaintiff names the following: Joleen Reutlinger, Ronald Rose, "People of the State of California (S.S.A.)," California Department of Motor Vehicles ("DMV"), the "County personal/claims processor" with the Department of Human Assistance," the "County personal/claims processor" with the Family Law Section and Probate

Court," the "County personal/claims processor" with the Sacramento Housing and Redevelopment Agency (S.H.R.A.), and the "County personal/claims processor" with Sacramento County Parks and Recreation. (Id. at 1-2.)

Plaintiff alleges the following. Defendant Joleen Reutlinger, with the help of the government agencies also named as defendants, "illegally filed marriage papers illegally marrying [plaintiff]." (Id. at 4.) Defendant Joleen Reutlinger received an adopted child from Sacramento County and illegally signed plaintiff's name on the birth certificate. (Id. at 5.) As a result, the child will receive all of plaintiff's assets. (Id.) In addition, defendant Joleen Reutlinger has taken out loans in plaintiff's name, life insurance policies on plaintiff, illegally forged plaintiff's name on legal documents, and illegally filed for federal benefits plaintiff inherited from his father. (Id.)

Plaintiff met defendant Joleen Reutlinger through plaintiff's mother's boyfriend, Ronald Rose, who plaintiff alleges brought false assault charges against plaintiff, and had Rose's name put on the U.S. bank account owned by plaintiff and his father. (Id. at 7.) Ronald Rose and members of the public have allegedly withdrawn millions of dollars from that bank account. (Id.)

As relief, plaintiff asks this Court to have defendant Sacramento Parks and Recreation stop raffling off and giving away plaintiff's property, and defendant SHRA stop changing the land addresses to plaintiff's properties, and cancel all claims filed by defendant Joleen Reutlinger. (Id. at 8, 10.) Plaintiff asks that defendant Joleen Reutlinger be arrested and charged with federal violations of the RICO Act, and that plaintiff be reimbursed for all his losses, all criminal charges be dropped and he be immediately released from jail. (Id. at 8.) Plaintiff asks that the two or three fraudulent child support orders be taken out of the family law's system of records and to have the "family law section of the probate court stop intentionally doing fraud in [plaintiff's] name by . . . acknowledging a fake child's birth, a fake marriage and unlawful conservatorship." (Id. at 9.) Finally, plaintiff asks that the agencies stop paying out benefits to which plaintiff is entitled.

///

///

IV. DISCUSSION

A. Plaintiff Named Improper Defendants

Plaintiff's complaint fails to state a claim under § 1983 against the two individual defendants because Joleen Reutlinger and Ronald Rose are private individuals who do not act under color of state law. Because § 1983 does not reach private conduct, private parties are generally not considered to be acting under color of state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991) ("private parties are not generally acting under color of state law, and [the Ninth Circuit has] stated that conclusionary allegations, unsupported by facts, will be rejected as insufficient to state a claim under the Civil Rights Act." (internal quotation marks and citation omitted)).

In addition, plaintiff improperly named "People of the State of California" as a defendant. The People of the State of California is not an operational government agency that plaintiff can sue. Rather, that title is reserved for prosecutors to use in a criminal enforcement capacity on behalf of California's population.

B. Sovereign Immunity

Plaintiff included "S.S.A." behind his use of the terms "People of the State of California" as a named defendant. (ECF No. 1 at 1.) The acronym "S.S.A." stands for the United States Social Security Administration. See ssa.gov.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013) (citation and internal quotation marks omitted). A district court's jurisdiction to resolve a case on its merits requires a showing that it has both subject matter and personal jurisdiction. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stevedoring Servs. of Am., Inc. v. Eggert, 953 F.2d 552, 554 (9th Cir. 1992) (as amended) (citation omitted).

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Scholastic Ent., Inc. v. Fox Ent. Grp., Inc., 336 F.3d 982, 985 (9th Cir. 2003);

Rule 12(h)(3). A plaintiff "must allege facts, not mere legal conclusions," to invoke the court's jurisdiction. Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014); see also McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Johnson v. Columbia Props. Anchorage, L.P., 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1993). A waiver of such immunity "cannot be implied, but must be unequivocally expressed." Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). Such a waiver "is a prerequisite for jurisdiction" for a civil action for damages against the United States. Id. (quoting United States v. Mitchell, 463 U.S. 206, 212 (1983)). "Where a suit has not been consented to by the United States, dismissal of the action is required." Id. The United States has not waived sovereign immunity as to constitutional claims for damages. Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991); see also Thomas-Lazear v. Federal Bureau of Investigation, 851 F.2d 1202, 1207 (9th Cir. 1988). Accordingly, to the extent plaintiff intended to sue the S.S.A. for damages, such claim is barred by sovereign immunity. This Court lacks subject matter jurisdiction over such claim, and the claim must be dismissed. Plaintiff should not renew such claim in any amended complaint.

C. Eleventh Amendment Immunity

Plaintiff names the DMV and a state court employee as defendants.

The Eleventh Amendment bars suits against a state in federal court unless the state has consented to the filing of the suit. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Alabama v. Pugh, 438 U.S. 781, 781 (1978). Eleventh Amendment immunity applies to claims brought under 42 U.S.C. § 1983. L.A. Branch NAACP v. L.A. Unified Sch. Dist., 714 F.2d 946, 950 (9th Cir. 1983) (citing Quern v. Jordan, 440 U.S. 332, 342 (1979)). Even if a plaintiff seeks only injunctive relief, a state that has not waived its Eleventh Amendment immunity cannot be sued in its own name under § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n.10 (1989).

"This immunity extends not just to suits in which the state itself is a named party but also to those against an 'arm of the [s]tate.' " Kohn v. State Bar of Cal., 87 F.4th 1021, 1026 (9th Cir.

2023) (quoting Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)). In deciding whether a defendant is an "arm of the state," the Ninth Circuit looks to the following factors: "(1) the State's intent as to the status of the entity, including the functions performed by the entity; (2) the State's control over the entity; and (3) the entity's overall effects on the state treasury." Id. at 1030 (adopting test from P.R. Ports Auth. v. Fed. Mar. Comm'n, 531 F.3d 868, 873 (D.D.C. 2008)).

1. The DMV

Plaintiff names the DMV as a defendant. It is well established that the California DMV is a state agency with Eleventh Amendment immunity. See, e.g., Bailey v. Root, 2010 WL 2803950, at *4 (S.D. Cal. July 14, 2010) ("All of Plaintiff's claims against the DMV are barred by the Eleventh Amendment, which prohibits suits against a state or its agencies or departments for legal or equitable relief."); see also Banks v. Dep't of Motor Vehicles for Cal., 419 F. Supp. 2d 1186, 1193-94 (C.D. Cal. 2006); Sykes v. State of Cal. (Dep't of Motor Vehicles), 497 F.2d 197, 201 (9th Cir. 1974). Plaintiff's federal claims against the DMV are barred by sovereign immunity. Because the DMV is entitled to sovereign immunity, the Court does not have jurisdiction over plaintiff's federal claims against the DMV.

2. "County personal claim processor" Family Law Section/Probate Court

Plaintiff names the "County personal claim processor" at the Family Law Section and the Probate Court, which appears to be another label for a clerk working in state court. Alleged acts arising from a court clerk's administrative participation in judicial proceedings or the filing of court papers entitle such clerks to quasi-judicial immunity. See Gay v. Parsons, 61 F.4th 1088, 1094 (9th Cir. 2023) (providing "absolute immunity for administrative actions taken in the immediate leadup to the judicial action . . . on the theory that docket management is part of the judicial function"); Fan v. City of Newport Beach, 2023 WL 8351516, at *5 (C.D. Cal. Sep. 29, 2023) ("courtroom clerks are entitled to absolute quasi-judicial immunity based on their filings of court papers"). Because the processing of claims would fall within the clerk's functions that arise from actions integral to the judicial process, such defendant is entitled to quasi-judicial immunity, and the Court has no jurisdiction over plaintiff's federal claims against the state court employee.

D. Rooker-Feldman Doctrine

Under the Rooker-Feldman doctrine, a party may not seek appellate review in federal court of a decision made by a state court. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). Typically, the Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the losers' federal rights. Doe v. Mann, 415 F.3d 1038, 1041-42 (9th Cir. 2005); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (the Rooker-Feldman doctrine precludes a district court from appellate review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced[.]"). Accordingly, the district court lacks jurisdiction over "claims . . . 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003) (citing Feldman, 460 U.S. at 483, 485); see, e.g., Moore v. County of Butte, 547 F. App'x 826, 829 (9th Cir. 2013) (finding a plaintiff's claims challenging the outcome of custody proceedings were properly dismissed); Rucker v. County of Santa Clara, State of California, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (finding the plaintiff's claims were "inextricably intertwined" with the state court's rulings where the plaintiff "challenge[d] his original child support order on jurisdictional grounds, dispute[d] his total child support arrearages, and allege[d] that Santa Clara County's garnishment order against his disability benefits payments is invalid"); see also Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming the district court's dismissal of the case "because the complaint is nothing more than another attack on the California superior court's determination in [the plaintiff's] domestic [divorce] case").

To the extent plaintiff is asking this Court to review orders issued by the state court in relation to his marriage, divorce or child support proceedings, under the Rooker-Feldman doctrine, this Court lacks jurisdiction to review and reverse a state court's decision. Accordingly,

any claim seeking to review or reverse the state court orders pertaining to his marriage, divorce or child support proceedings cannot proceed in this Court.

Similarly, this Court has no subject matter jurisdiction to get involved in any state court conservatorship. See Miroth v. Cnty. of Trinity, 136 F.4th 1141, 1151 (9th Cir. 2025) (the Rooker-Feldman doctrine bars federal jurisdiction "where the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment"); see also Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001) (clarifying that Rooker-Feldman applies both to cases that have reached final judgment and to interlocutory orders).

E. Request to Arrest Defendant Joleen Reutlinger

Plaintiff seeks to have defendant Joleen Reutlinger arrested for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), at 18 U.S.C. §§ 1961-68. However, the U.S. Department of Justice investigates and prosecutes private individuals for federal offenses, not the court. If the Department of Justice decides to prosecute by filing charges or asking a grand jury to return an indictment, federal law enforcement officers execute arrest warrants signed by a magistrate judge or district judge. Thus, a federal civil rights action is not the appropriate mechanism for plaintiff to seek investigation or arrest for federal criminal charges against this defendant.

F. Conclusion

Based on the above deficiencies, plaintiff's complaint must be dismissed.

V. LEAVE TO AMEND

Because plaintiff is proceeding pro se, and this is the first decision rendered in this case, the Court will grant plaintiff leave to file an amended complaint should he be able to allege facts stating a cognizable civil rights claim against a proper party. Plaintiff is cautioned, however, that the Court may dismiss the amended complaint if plaintiff again fails to plausibly allege a viable claim against defendants acting under color of state law.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g.,

West, 487 U.S. at 48. Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. PLAINTIFF'S SUBSEQUENT MOTION FOR EXTENSION

Plaintiff seeks an extension of time to file a writ of certiorari in the United States Supreme Court. (ECF No. 10.) Plaintiff is advised that this Court does not have jurisdiction to grant such an extension of time. Plaintiff must file his motion in the United States Supreme Court. Plaintiff's motion for extension of time is denied without prejudice.

VII. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 2, 8) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County or designee filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. Plaintiff's motion for extension of time (ECF No. 10) is denied without prejudice.

Dated: November 17, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/mont2322.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONLYNN S. MONTGOMERY,<br>Plaintiff,<br>v.<br>JOLEEN REUTLINGER, et al.,<br>Defendants. | No. 2:26-cv-2322 TLN CSK P<br><br>NOTICE OF AMENDMENT |

Plaintiff submits the following document in compliance with the court's order filed on ______________ (date).

☐ Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

________________________________
Plaintiff